IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

**WILLIAM EDWARD SUN,**

    Petitioner,

vs.

**UNITED STATES OF AMERICA,**

    Respondent.

**No. 15-CV-4057-DEO**

**INITIAL REVIEW ORDER**

Before the Court is a pro se pleading filed by William Sun [hereinafter Mr. Sun]. Mr. Sun's pro se motion is an application for relief pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. Mr. Sun's filing states that he received ineffective assistance of counsel. Docket No. 1.[1] Mr. Sun is currently incarcerated pursuant to a conviction related to the distribution of methamphetamine. See 12-CR-4061-DEO, Docket No. 109.

**I. ANALYSIS**

According to 28 U.S.C. § 2255(f), a 1-year period of limitation shall apply to a motion under 28 U.S.C. § 2255.

---

[1] The original pleading (Docket No. 1) was filed on June 30, 2015, but that document was not signed. Mr. Sun submitted a signed pleading on July 13, 2015 (Docket No. 2).

The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. The one year statute of limitations has repeatedly been applied in these types of cases by the 8th Circuit Court of Appeals. As they have set out:

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. See Johnson v. United States, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

2

> circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)) (applicable to section 2254 petitions); see also United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013).

This Court entered judgment against Mr. Sun on April 1, 2013. Mr. Sun did not appeal. Accordingly, the one year statute of limitations ran sometime in 2014. Mr. Sun filed the present motion on June 30, 2015, well after the statute of limitations expired.

However, as set out above, a prisoner may assert a 28 U.S.C. § 2255 based on new precedent. Mr. Sun premises his Section 2255 Motion on the case of United States v. Davison, 761 F.3d 683, 684 (7th Cir. 2014). The 7th Circuit entered the Davison case on July 30, 2014. If new case law becomes a valid ground to file a Section 2255, the petitioner has a year from the date the case is entered or recognized to file their motion. The Court will allow Mr. Sun's case to proceed to determine if Mr. Sun can maintain a Section 2255 action in light of the Davison case.

## II. APPOINTMENT OF COUNSEL.

Based upon a review of the submitted pleading, the Court has determined that appointed counsel is appropriate in order that the Petitioner be adequately represented in this matter. The Court has discretion to appoint counsel "at any stage of the proceeding if the interest of justice so requires." 18 U.S.C. §3006A(a)(2)(B); Fed.R.Gov. §2255 Proc. 8(c). Appointment of counsel is mandated only if the court grants an evidentiary hearing, Rule 8(c), or if the court permits discovery and deems counsel "necessary for effective utilization of discovery procedures." Rule 6(a). Based upon a review of the submitted pleading, the Court has determined that appointed counsel is appropriate in order that the Petitioner be adequately represented in this matter.

## III. FORMER COUNSEL

Finally, the Court notes that Mr. Sun raises a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim. United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) (citing Tasby v. United States, 504 F.2d

4

332, 336 (8th Cir. 1974)("When a client calls into public question the competence of his attorney, the privilege is waived.")). Therefore, counsel whose representation is challenged shall cooperate with the United States and provide information, documents, and an affidavit, if necessary, responsive to any ineffective assistance of counsel claim in Mr. Sun's § 2255 motion. Mr. Sun was represented in criminal case number 12-CR-4061-DEO by court appointed attorney Priscilla Forsyth. Ms. Forsyth shall receive a copy of this Order, be added to the docket in this matter by the Clerk of Court, and will be required to participate in any hearing scheduled on the merits of the Petition.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the Court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a CJA 20 voucher following the proper procedures outlined by the CJA panel administrator for this type of proceeding. Absent exceptional circumstances or an extraordinary reason for doing so,

5

counsel's claim for services should not exceed 10 hours and a claim for other expenses should not exceed $250.00.

## IV. CONCLUSIONS

For the reasons set out above, the Court will appoint Mr. Sun counsel. Former counsel will assist the Respondent as set out above.

**UPON THE FOREGOING, IT IS HEREBY ORDERED** that the Clerk of Court, through the CJA Administrator, shall appoint counsel to represent pro se Petitioner.

**IT IS FURTHER HEREBY ORDERED** that Petitioner's newly appointed counsel shall have thirty (30) days from the date of his/her appointment to amend or supplement and brief Petitioner's pleading (Docket No. 1). If there will be no amendment or supplement and brief, Petitioner's counsel shall file a report setting that out.

**IT IS FURTHER ORDERED** that the Respondent shall file either an answer in accordance with Rule 5(b) of the Rules Governing Section 2255 Proceedings or an appropriate motion under Federal Rule of Civil Procedure 12 within thirty (30) days of the Petitioner's amended filing or report to the Court. See Rule 4(b) of the Rules Governing Section 2255

6

Proceedings. In the event that an answer is filed by the Respondent, the Magistrate Judge will establish an appropriate briefing schedule. Former criminal counsel shall assist the Respondent as set out above.

**IT IS SO ORDERED** this 14th day of August, 2015.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa