## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM EDWARD SUN,<br><br>   Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | No. C15-4057-LTS<br>(No. CR12-4061-DEO)<br><br>**ORDER ON RESPONDENT'S<br>MOTION TO RECONSIDER, TO<br>DISMISS AND TO DENY<br>DISCOVERY** |

## I. INTRODUCTION

This case is before me on a motion (Doc. No. 11) by respondent the United States of America (the Government) to reconsider the court's initial review order (Doc. No. 4), to dismiss William Edward Sun's petition (Doc. No. 1) to vacate, set aside, or correct a sentence by a person in federal custody as untimely and deny Sun's motion (Doc. No. 10) for discovery. Sun has filed a resistance (Doc. No. 12). No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* N.D. Ia. L.R. 7(c). The motion is now fully submitted.

## II. PROCEDURAL HISTORY

On November 26, 2012, Sun entered pleas of guilty to the following charges brought by indictment in the underlying criminal case[1] against him: (a) Count 1, which charged that Sun did knowingly and unlawfully combine, conspire, confederate, and agree, with others to distribute 500 grams or more of a mixture or substance containing

---

[1] *United States v. William Edward Sun*, No. 12-cr-04061-DEO.

a detectable amount of methamphetamine, which contained at least 50 grams or more of actual (pure) methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and (b) Count 2, which charged that Sun did knowingly and intentionally distribute and aid and abet others in the distribution of methamphetamine within 1000 feet of a public playground or school, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 860(a) and 18 U.S.C. § 2.   Senior United States District Judge Donald E. O'Brien accepted the guilty pleas on January 3, 2013.   On April 1, 2013, Sun was sentenced to 120 months in prison, to be followed by a six year term of supervised release, and ordered to pay a special assessment of $200.   Sun did not pursue a direct appeal of his convictions or his sentence.

On June 30, 2015, Sun filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.   Sun claims ineffective assistance of counsel and asserts that he was guilty only of purchasing small amounts of drugs for his personal use.   On August 8, 2015, Judge O'Brien issued the initial review order (IRO).   Among other things, Judge O'Brien appointed counsel for Sun and ordered the Government to respond to the petition.   Doc. No. 4.

On October 16, 2015, Sun filed a motion to compel discovery.   The Government then filed its motion to reconsider the IRO, to dismiss the Section 2255 petition as untimely and to deny the discovery motion as moot.   On November 1, 2015, Sun filed a resistance to the Government's motion.[2]

### III.   APPLICABLE STANDARDS

#### A.   Motions to Dismiss

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).

---

[2] This case was reassigned to me after Judge O'Brien passed away.

The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

Courts assess "plausibility" by " 'draw[ing] on [their own] judicial experience and common sense.' " *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U .S. at 679). Also, courts " 'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.' " *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010)). While factual "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable legal theory. *See, e.g.*, *Somers v. Apple*,

*Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F.Supp.3d 927 (N.D. Iowa 2014).

"The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." *Topichian v. JPMorgan Chase Bank*, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057–58 (8th Cir. 2002)). "A pro se complaint must be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976), and 'pro se litigants are held to a lesser pleading standard than other parties[,]' *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S. Ct. 1147, 170 L.Ed.2d 10 (2008)." *Id.* If an allegation is discernable, even if it lacks "legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (citing *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).

In deciding a motion brought pursuant to Rule 12(b)(6), the court may consider certain materials outside the pleadings, including (a) "the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003)), and (b) "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Thus, the court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller*, 688 F.3d at

931 n. 3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

## B. Statute of Limitations for Section 2255 Petitions

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255(f) states:

(f) A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   Thus, the AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences."   *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)).

The AEDPA's one-year limitations period is subject to equitable tolling, but "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Muhammad*, 735 F.3d at 815 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (in turn quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## IV.   DISCUSSION

The Government contends that Sun filed his Section 2255 petition outside of the one-year deadline and, therefore, that it must be denied as untimely.   Sun does not dispute that his petition is untimely but argues that I should delay ruling on the Government's motion and grant his discovery request so he may explore the issue of whether a viable argument exists for equitable tolling.

### A.   The Initial Review Order

In the IRO, this court correctly stated that if a prisoner is relying on new case law, then the one-year limitations period begins to run on the date the new precedent issues. Doc. No. 4 at 3.   The court then noted that Sun relies on a recent decision by the Seventh Circuit Court of Appeals, *United States v. Davison*, 761 F.3d 683 (7th Cir. 2014).   The Government points out, however, that the "new precedent" rule applies only to opinions that are (a) issued by the United States Supreme Court and (b) made retroactively applicable to cases on collateral review.   28 U.S.C. § 2255(f)(3).   Sun agrees.   Doc. No. 12 at 1.   Because *Davison* is not a Supreme Court opinion, Sun's one-year time period did not start anew when that opinion was issued.   The IRO was incorrect as to this issue.   Unless equitable tolling applies, Sun's Section 2255 petition must be dismissed as untimely.

### B.   Equitable Tolling

Sun argues that his motion for discovery should be granted prior to the court's ruling on the Government's motion to dismiss.   He contends that he may be able to make an equitable tolling argument if discovery leads to evidence that the Government was

6

unable to prove the elements necessary to give rise to his ten-year mandatory minimum sentence. The Government argues that the discovery motion should be denied as moot because Sun has not advanced a viable argument that equitable tolling may apply.

As noted above, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling is an exceedingly narrow window of relief." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (quoting *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir.2008) (en banc), abrogated on other grounds by *Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 653–54 (2012)). Here, Sun argues that he "may" have an equitable tolling argument if discovery leads to evidence that the Government lacked sufficient evidence to convict him on a charge that carried a ten-year mandatory minimum sentence. However, Sun makes no argument as to how the potential lack of evidence would affect the determination of (a) whether he pursued his remedies diligently and (b) whether an extraordinary circumstance prevented timely filing of the petition.

"Delays in obtaining documentary evidence to support a motion to vacate do not entitle the defendant to an extension of the limitations period." *United States v. Cervantes*, No. CR 03-30047-02, 2008 WL 4200163, at *2 (D.S.D. Sept. 11, 2008) (citing *Gassier v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001)). Here, I find Sun has failed to make an argument warranting either a grant of his discovery motion or equitable tolling. Although the information he hopes to obtain may have been important to the merits of a timely Section 2255 petition, the lack of such information did not prevent the filing of that petition. As such, the Government's motion to reconsider the IRO and to dismiss this action will be granted.

## C.    *Sun's Discovery Motion*

The Government argues that because Sun failed to file a timely Section 2255 petition and has advanced no viable argument for equitable tolling, I should dismiss Sun's discovery motion as moot.    I agree.

## V.    *CERTIFICATE OF APPEALABILITY*

A petitioner under Section 2255 may not appeal from an adverse final order unless "a circuit justice or judge issues a certificate of appealability."    28 U.S.C. § 2253(c)(1). Sun must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability.    *See Miller–El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."    *Cox*, 133 F.3d at 569.

Applying this standard, I find that a certificate of appealability is not appropriate. Should Sun wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

## VI.    *CONCLUSION*

For the reasons set forth herein:

1.    Respondent's motion (Doc. No. 11) to reconsider the initial review order and to dismiss the petition is **granted**.    Petitioner William Edward Sun's petition (Doc. No. 1) pursuant to 28 U.S.C. § 2255 is **dismissed**.

2.    No certificate of appealability will issue for any claim in this case.

3.      Petitioner's motion (Doc. No. 10) for discovery is **denied as moot**.


**IT IS SO ORDERED.**

**DATED** this 2nd day of March, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE